An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ROBERT FRY, BAR NO. 702.

No. 67783

FILED

OCT 22 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER APPROVING AMENDED
CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, an amended conditional guilty plea agreement in exchange for a stated form of discipline for attorney Robert Fry. Under the agreement, Fry admitted to violations of RPC 1.8(a) (restrictions on business transactions between a lawyer and client), RPC 8.4(a) (misconduct), and RPC 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer). The violations relate to Fry's federal felony conviction for harboring an alien and misconduct in his role as a fiduciary for a disabled veteran.

The agreement provides for a four-year suspension retroactive to the date that Fry was temporarily suspended under SCR 111 (March 27, 2014). The agreement further provides that as conditions to reinstatement, Fry will (1) take and pass the Multistate Professional Ethics and Responsibility Examination; (2) comply with the conditions of probation set forth in his federal district court sentence, including 100 hours of community service; (3) refrain from serving as a fiduciary for incompetent persons, a V.A. conservator, a guardian of any person or

SUPREME COURT
OF
NEVADA

(O) 1947A

15-32270

estate, or a personal representative throughout the course of his suspension and thereafter; and (4) pay the costs of the investigation, preparation of hearing materials, and disciplinary hearings within six months. The hearing panel accepted the amended conditional guilty plea agreement and recommended the agreed-upon discipline.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a four-year suspension retroactive to the date that Fry was temporarily suspended under SCR 111 (March 27, 2014). Additionally, Fry must comply with all of the conditions in the plea agreement, as outlined above. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

SAITTA, J., dissenting:

I dissent because the agreed-upon discipline is insufficient in relation to Fry's admitted conduct. I therefore would reject the conditional guilty plea agreement.

_____, J.
Saitta

cc:  Chair, Northern Nevada Disciplinary Board
     Lemons, Grundy & Eisenberg
     Stan Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, United States Supreme Court